# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
at 3 O'clock 15 min P M
Date 1/25/06

United States Bankruptcy Court
Savannah, Georgia

In the matter of: )
) Chapter 13 Case
ROBERT L. STEVENS, III )
) Number <u>05-40457</u>
       *Debtor* )

## ORDER ON DEBTOR'S OBJECTION TO CLAIM OF RACHEL STEVENS

The Debtor objects to the status of the claim of Rachel Stevens ("Ms. Stevens") in the amount of $17,286.12. The claim of Ms. Stevens was filed as an unsecured priority claim pursuant to former 11 U.S.C. § 507(a)(7)[1] as alimony, maintenance, or support owed to a former spouse.[2] The Debtor claims that the proper status of this claim is as a general unsecured claim.

## FACTUAL BACKGROUND

Prior to the filing of this Chapter 13 case, the Debtor was ordered by the Chatham County Superior Court (the "State Court") to pay Ms. Stevens's attorney's fees stemming from a divorce proceeding. The Debtor was the Plaintiff and Ms. Stevens was the Defendant in that divorce proceeding. In its order requiring the Debtor to pay the attorney's

---

[1] Hereinafter, all section references are to Title 11 of the United States Code.

[2] Because this case was filed on February 18, 2005, the version of Section 507 that existed prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") on October 17, 2005 governs this matter.

AO 72A
(Rev. 8/82)

fees, the State Court concluded:

> The court has considered the financial circumstances of the parties and determined that the Plaintiff has the ability to pay an award of attorney fees. The court additionally finds that because of various actions of the part of the Plaintiff, Defendant's cost of litigation increased. The court finds that some of those actions included illegally wiretapping Defendant's telephone, illegally videotaping the Defendant and Plaintiff's refusal to sign the consent Final Judgment and Decree after the agreement was announced in open court, forcing Defendant to acquire the transcript and file a Motion to Enforce Settlement. The Plaintiff has the ability to pay the attorney fees and expenses of litigation associated with his actions in increasing Defendant's cost of litigation.
>
> Dckt. No. 27, October 25, 2005.

The Debtor contends that the State Court's award of attorney's fees cannot qualify as alimony under Section 507 because the word "alimony" is not in the order and the State Court did not consider eight factors listed in O.C.G.A. § 19-6-5 in determining the amount of attorney's fees to be awarded. Ms. Stevens counters by asserting that this Court as well as others have repeatedly determined that attorney's fees arising from divorce actions constitute alimony within the scope of the Bankruptcy Code.

## DISCUSSION

The question before the Court is whether the State Court's award of

attorney's fees to Ms. Stevens qualifies as alimony, maintenance, or support under Section 507(a)(7). Pursuant to Section 507(a)(7), the allowed claims and expenses for debts to a debtor's spouse or former spouse for alimony, maintenance, or support of such spouse in connection with a separation agreement, divorce decree, or other order of a court of record have priority status. 11 U.S.C. § 507(a)(7). Resolving this question turns on a determination of federal law, not state law. *See* Williams v. Williams (In re Williams), 703 F.2d 1055, 1057 (8th Cir. 1983)("Though we of course regard the decisions of the state courts with deference, bankruptcy courts are not bound by state laws that define an item as maintenance or property settlement, nor are they bound to accept a divorce decree's characterization of an award as maintenance or a property settlement.").

The case law that addresses whether debts are in the nature of alimony, maintenance, or support under Section 523 are applicable to and inform questions of priority under Section 507. In re Taylor, 252 B.R. 346, 352-53 (Bankr. E.D. Va. 1999). Furthermore, bankruptcy courts have frequently determined that an award of attorney's fees in connection with a divorce decree is in the nature of support and therefore non-dischargeable under Section 523. Iler v. Iler (In re Iler), 1997 WL 33474942, *6 (Bankr. S.D. Ga. 1997)(Davis, J.)("[It] appears almost undisputed that an attorney fee obligation arising from a divorce or support decree is non-dischargeable whether payable to a former spouse or directly to a third party."); In re Williams, 703 F.2d at 1057 ("In short, undertakings by one spouse to pay the other's debts, including a debt to a lawyer for fees, can

be 'support' for bankruptcy purposes.").

Under bankruptcy law, the nature of a debt arising out of a divorce proceeding is based on the intent of the court that awarded the judgment. In re Taylor, 252 B.R. at 352. One of the critical factors in determining the State Court's intent is the disparity between the parties' earning capacities at the time of the judgment. See In re Iler, 1997 WL 33474942, at *4. In its order awarding Ms. Stevens attorney's fees, the State Court specifically noted that it had previously determined the Debtor to have an income of $5,413.00 per month and Ms. Stevens to have an income of $1,300.00 per month. Dckt. No. 27, October 25, 2005. Not only is the disparity between these two monthly incomes substantial, the State Court's reference to this disparity in its award of attorney's fees makes clear that it took this imbalance into consideration when rendering its judgment. See Blanchard v. Booch (In re Booch), 95 B.R. 852, 855 (Bankr. N.D. Ga. 1988)(noting that the disparity between the parties' earning power is a factor to be considered in determining whether an obligation constitutes support). In light of this observation as well as case law that has classified attorney's fees as support within the scope of Section 523, I hold that the State Court's award of attorney's fees to Ms. Stevens was intended as alimony or support and therefore receives priority status under Section 507.

## ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the

Debtor's objection to the claim of Rachel Stevens is DENIED.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 24th day of January, 2006.